USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/31/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER C. HOFFMAN,

    Plaintiff,

v.

CAROLYN W. COLVIN, *Commissioner of Social Security*,

    Defendant.

No. 14-CV-9089 (RA)

OPINION ADOPTING
REPORT & RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Christopher C. Hoffman filed this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), against the Commissioner of the Social Security Administration ("SSA"), seeking review of the final decision of the Administrative Law Judge ("ALJ") granting him disability insurance benefits as of December 17, 2012, but not prior. Both parties filed motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and the matter was referred to Magistrate Judge Henry B. Pitman for a report and recommendation. The parties agreed that the ALJ erred in selecting December 17, 2012 as Plaintiff's disability onset date, but dispute whether the appropriate remedy is for the ALJ to determine the proper date on remand, as the Commissioner argued, or for this Court to set the onset date and remand to the ALJ solely for a calculation of benefits, as Plaintiff urged. On February 24, 2016, Judge Pitman issued a detailed and well-reasoned Report and Recommendation (the "Report"), recommending that Plaintiff's motion be denied and that the Commissioner's motion be granted. On March 21, 2016, Plaintiff filed objections to the Report ("Objections"). On March 28, 2016, the Commissioner filed a

response, and on March 30, 2016, Plaintiff filed a short reply. The Court assumes the parties' familiarity with the facts, which are reiterated here only where relevant to the findings below.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Sacks v. Gandhi Eng'g, Inc.*, 999 F. Supp. 2d 629, 632 (S.D.N.Y. 2014) (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that Judge Pitman erred in recommending remand to determine the onset date of his disability. In support of this objection, Plaintiff reasons that the record inarguably establishes the appropriate date and that remand would be inefficient. Plaintiff thus asserts that this Court should adopt the reasoning of treating physician Dr. Richard Zodda and find that Plaintiff was disabled when he filed for benefits on January 31, 2011. *See* Objections at 1. Because this Court disagrees that the record is clear that Dr. Zodda's recommended onset date is the appropriate one, remand is required.

This Court can, in appropriate circumstances, reverse an ALJ's determination of disability or modify his selection of a disability onset date. *See, e.g., Bell v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 732 F.2d 308, 312 (2d Cir. 1984). As Plaintiff acknowledges, in "cases

involving arbitrary onset date determinations, the courts will readily reverse" the ALJ and set a different onset date, "*as long as no medical evidence contradicts the claim.*" Objections at 11–12 (emphasis added). Unlike here, in all of the cases cited by Plaintiff, the evidence was entirely consistent with reversal of the ALJ's determination. *See Rivera v. Sullivan*, 923 F.2d 964, 970 (2d Cir. 1991) ("[A] review of the record fails to reveal any evidence which could support . . . [the ALJ's] finding."); *Bell*, 732 F.2d at 312 ("In short, there is no evidence, much less substantial evidence, supporting the ALJ's determination . . . ."); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) ("[W]e conclude that the ALJ's determination . . . was not supported by any, much less by substantial, evidence."); *Martinez v. Barnhart*, 262 F. Supp. 2d 40, 49 (W.D.N.Y. 2003) ("The record is consistent that plaintiff was disabled since December 1996."); *Arroyo v. Callahan*, 973 F. Supp. 397, 400 (S.D.N.Y. 1997) (finding that the absence of notations about mental illness in early medical records did not constitute contrary evidence which would require remand).

Although Plaintiff argues that no medical evidence contradicts Dr. Zodda's opinion, the record reveals otherwise. In rejecting Dr. Zodda's opinion and setting the erroneous onset date, the ALJ relied on "the treatment records at Exhibit 14F and 19F and the state's assessments at Exhibits 5F and 6F." Administrative Record ("AR") at 46. While the ALJ's reasoning is flawed for the reasons outlined in the Report, *see* Report at 9–12, the record evidence he cited does call into question Dr. Zodda's opinion that Plaintiff was disabled on the date of his application, namely January 31, 2011. For example, on June 2, 2011, approximately five months after Plaintiff had allegedly had become disabled, Dr. Zodda wrote in his treatment notes that Plaintiff was "functioning fairly well at work." AR at 585. Moreover, while Plaintiff reported that it became "harder to get to and function[] at work" on August 15, 2011, AR at 605, medical records indicate that on August 23, 2011—only eight days later—Plaintiff canceled his therapy because he was

3

"feeling better and had [an] opportunity to go to work and make much needed money," AR at 596. In addition to these inconsistencies, the ALJ cited the contradictory opinion of non-examining psychologist Dr. Kamin, who opined in April 2011 that plaintiff "was capable of simple, unskilled work in a low contact environment." AR at 46. Contrary to Plaintiff's contentions, this Court cannot say that "no medical evidence contradicts the claim" or that "[t]here is not the slightest uncertainty as to the outcome of a remand proceeding." Objections at 11–13 (citations omitted). In light of this opposing evidence, remand for the ALJ to determine the onset date of Plaintiff's disability is appropriate. *See Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) ("[T]he ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner.").

## CONCLUSION

Having rejected Plaintiff's objections after a *de novo* review, and finding no clear error in the portions of the Report to which Plaintiff did not object, the Court adopts Judge Pitman's Report in full and remands this action to the SSA for additional proceedings consistent with this Order and the Report.

SO ORDERED.

Dated:   March 31, 2016
         New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge